IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE A. SCHAIEB AND METRO HOME
HEALTH CARE NETWORK, INC.,

       Case No. 2:12-mc-51165

       Petitioners,

v.

       Hon. Robert H. Cleland
       Mag. Judge Laurie J. Michelson

BOTSFORD HOSPITAL,

       Respondent.

_____/

**REPORT AND RECOMMENDATION ON PETITION TO ENFORCE COMPLIANCE WITH ARBITRATION SUBPOENA [1] AND RESPONDENT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT [4]**

This is an independent proceeding arising out of an on-going arbitration in which Petitioners are seeking to compel Respondent's compliance with a subpoena for documents issued by an American Arbitration Association Panel pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"). (Dkt. 1, Petition.) The United States Supreme Court, the Sixth Circuit Court of Appeals, and numerous other federal courts have ruled that the FAA, including Section 7, does not create an independent basis for subject matter jurisdiction. Petitioners, however, make no attempt to establish diversity or federal question jurisdiction and instead rely solely on the provisions of the FAA. Accordingly, because this Court lacks subject matter jurisdiction over this controversy, the Court RECOMMENDS that Respondent's Motion to Dismiss and/or For Summary Judgment be GRANTED and the Petition to Enforce Compliance with the FAA Subpoena be DISMISSED.

I.      **BACKGROUND**

Petitioners George Schaieb ("Schaieb") and Metro Home Health Care Network, Inc. ("Metro") are presently arbitrating a dispute against Rosemary Mayes and Richard Porter before an American Arbitration Association ("AAA") panel sitting within the Eastern District of Michigan.

(*See* Dkt. 1, Ex. C.)  The arbitration primarily relates to the sale of Metro to Schaieb by Respondent Botsford Hospital ("Botsford").  (Dkt. 7, Pet's. Resp. to Mot. to Dismiss at 4.)  On June 15, 2012, the Arbitration panel issued a Subpoena Duces Tecum (the "Subpoena") to Botsford for four (4) categories of documents: (1) documents regarding Botsford's potential purchase of some or all of the assets of Metro in 2007 and/or 2008; (2) preferred provider agreements between Botsford and any other entity pertaining to home health care services between 2007 and 2009; (3) documents regarding services provided by Metro between 2007 and June 19, 2009; and (4) documents sent to or received from any entity in 2007 or 2008 asked to perform an appraisal or business valuation of Metro.  (Pet., Ex. A.)  The Subpoena requested the documents by July 13, 2012.  (*Id*.)  On June 29, 2012, Botsford filed objections to the Subpoena.  (*Id*. at Ex. B.)  On August 1, 2012, the AAA Panel narrowed the scope of the Subpoena.  (Pet. at ¶ 6.)  On August 13, 2012, and again on August 17, 2012, Petitioners' counsel wrote to Botsford's counsel asking whether the Hospital intended to produce any documents.  (*Id*. at ¶ 7.)  Receiving no response or documents, Petitioners filed this proceeding, pursuant to 9 U.S.C. § 7 of the FAA, seeking an Order compelling Botsford to produce the requested documents.  (Dkt. 1, Pet. to Enforce Subpoena.)

Botsford responded to the Petition by filing a Motion to Dismiss and/or For Summary Judgment.  (Dkt. 4, Mot. to Dismiss.)  Botsford contends that this Court lacks jurisdiction to enforce the Petition, the FAA does not apply to the subject matter of the arbitration, nor does it permit Petitioners to obtain discovery from a non-party, and many of the requested documents are privileged.  (*Id*. at ¶¶ 3-9.)  Petitioners defend the Subpoena on procedural and substantive grounds and contend that the plain language of 9 U.S.C. § 7 confers federal court jurisdiction.  Both the Petition to Enforce Arbitration Subpoena and Motion to Dismiss have been referred to this Court

2

for report and recommendation pursuant to 28 U.S.C. § 636(B)(1)(b).  (Dkt. 6.)  The Court has carefully reviewed the briefing and relevant pleadings and finds that the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), the hearing previously scheduled for November 28, 2012 (Dkt. 8) is hereby CANCELLED.

## II.     ANALYSIS

### A.     Legal Standard

Botsford moves to dismiss the Petition pursuant to Federal Rules of Civil Procedure 12(b) and 56.  (Mot. to Dismiss at 1.)  Dismissal is appropriate under Rule 12(b)(1) where the court lacks subjection matter jurisdiction over a petitioner's claim.  Fed. R. Civ. P. 12(b)(1).  If a Rule 12(b)(1) motion challenges the court's subject matter jurisdiction based on the sufficiency of the pleadings' allegations, the motion is a facial attack.  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). In reviewing a Rule 12(b)(1) facial attack, the court must accept all material allegations as true and construe them in a light most favorable to the non-moving party.  *Id*.  The court should review 12(b)(1) challenges before others "since the court must find jurisdiction before determining the validity of a claim.  *Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 450 (6th Cir. 1988).[1] The Petitioners have the burden of proving subject matter jurisdiction by a preponderance of the evidence.  *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000).  If the court finds that it lacks subject matter jurisdiction, it must dismiss the case.  Fed. R. Civ. P. 12(h)(3).

### B.     The FAA Does Not Confer Subject Matter Jurisdiction

Petitioners seek to enforce Botsford's compliance with the Subpoena pursuant to Section 7

---

[1] In light of the Court's determination that it lacks subject matter jurisdiction over Petitioners' claims, it need not discuss the Rule 56 standard or analysis.

3

of the FAA.  That section provides, in relevant part:

> The arbitrators . . . or a majority of them, may summon in writing any
> person to attend before them or any of them as a witness and in a
> proper case to bring with him or them any book, record, document,
> or paper which may be deemed material as evidence in the case . . .;
> if any person or persons so summoned to testify shall refuse
> or neglect to obey said summons, upon petition the United States district
> court for the district in which such arbitrators, or a majority of them,
> are sitting may compel the attendance of such person or persons
> before said arbitrator or arbitrators, or punish said person or persons
> for contempt in the same manner provided by law for securing the
> attendance of witnesses or their punishment for neglect or refusal to
> attend in the courts of the United States.

9 U.S.C. § 7.  Relying on a district court case from Missouri, Petitioners contend that, "because the arbitrators in this matter are sitting within the Eastern District of Michigan, the plain language of the statute confers subject matter jurisdiction in this court to compel compliance with the subpoena." (Resp. at 3, citing *Ferry Holding Corp. v. GIS Marine, LLC,* No. 11-687, 2012 WL 88196, *1 (E.D. Mo. Jan. 11, 2012)).  This argument, however, is contrary to the overwhelming weight of authority that "the FAA does not provide federal courts with an independent jurisdictional basis." *Furchtgott-Roth v. Wilson*, No. 09-9877, 2010 U.S. Dist. LEXIS 92507, at * 7 (S.D.N.Y. Aug. 31, 2010); *see also Liberty Mut. Group, Inc. v. Wright*, No. 12-0282, 2012 U.S. Dist. LEXIS 29414, at *8-11 (D. Md. Mar. 5, 2012) (reiterating that the FAA "'does not itself create federal-question jurisdiction.' Therefore, regardless of the FAA's applicability, Petitioner must have 'an independent jurisdictional basis' for its petition in order for the court to have subject matter jurisdiction.") (citations omitted).

The United States Supreme Court has repeatedly stated:

> As for jurisdiction over controversies touching arbitration, the [FAA]
> does nothing, being "something of an anomaly in the field of federal-
> court jurisdiction" in bestowing no federal jurisdiction but rather
> requiring an independent jurisdictional basis.

4

*Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 128 S. Ct. 1396, 1402, 170 L. Ed. 2d 254

(2008) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32, 103 S.

Ct. 927, 74 L. Ed. 2d 765 (1983)); *see also Vaden v. Discover Bank*, 556 U.S. 49, 129 S. Ct. 1262,

1271, 173 L. Ed. 2d 206 (2009) (again explaining that the FAA "bestows no jurisdiction on federal

courts but, rather, requires for access to a federal forum an independent jurisdictional basis over the

parties' dispute.")

The Sixth Circuit addressed this jurisdictional issue in *American Fed'n of TV & Radio Artists*

*v. WJBK-TV*, 164 F.3d 1004 (6th Cir. 1999).  There, plaintiff appealed the dismissal of an ancillary

proceeding seeking enforcement of a subpoena duces tecum issued to defendant by the arbitrator in

a grievance proceeding between plaintiff's union and former employer.  Plaintiff's amended

complaint alleged that the district court had jurisdiction arising under § 301 of the Labor

Management Relations Act ("LMRA"), 28 U.S.C. §§ 1331 and 1332, and, like Petitioners here, §

7 of the FAA.  While the Court ultimately determined that federal question jurisdiction was proper

under the LMRA, it made clear that jurisdiction was not conferred by § 7 of the FAA:

> Notwithstanding plaintiff's averments, it is well established that the
> Federal Arbitration Act does not create any independent federal
> question jurisdiction.  *See Moses H. Cone Mem'l Hosp. v. Mercury
> Constr. Corp.*, 460 U.S. 1, 25 n.32, 74 L. Ed. 2d 765, 103 S. Ct. 927
> (1982) (The FAA creates 'a body of federal substantive law
> establishing and regulating the duty to honor an agreement to
> arbitrate, yet it does not create any independent federal-question
> jurisdiction under 28 U.S.C. § 1331 . . . or otherwise.').

*Id*. at 1007; *see also Ford v. Hamilton Invs., Inc.*, 29 F.3d 255 (6th Cir. 1994) ("Federal courts may

hear cases under the [Federal] Arbitration Act only where some independent basis for federal

jurisdiction exists.").

While Petitioners "acknowledge" this ruling by the Sixth Circuit, they seem to suggest it

5

does not impact their argument that the plain language of Section 7 of the FAA confers the requisite

jurisdiction.  (Resp. at 2.)  Because Petitioners' contention ignores controlling and compelling

precedent to the contrary, this Court disagrees.  "Although a number of provisions in the FAA refer

to the 'United States court' in a manner that suggests a bestowal of jurisdiction (e.g., §§ 7, 9, 10, 11),

these provisions have not been interpreted to confer jurisdiction on the federal courts."

*Westmoreland Capital Corp. v. Findlay*, 100 F.3d 263, 268 (2d Cir. 1996).   Indeed, as the Sixth

Circuit explained in analyzing an analogous provision (to Section 7):

> Section 10 of the Federal Arbitration Act, 9 U.S.C. § 10, provides
> that in any of the cases described in that section, "the United States
> court in and for the district wherein the award was made may make
> an order vacating the award upon the application of any party to the
> arbitration."  One can understand why [plaintiff's] counsel might
> have assumed, as he evidently did in drafting his complaint, that this
> provision would suffice to confer federal jurisdiction over an action
> to vacate an arbitral award.  It is well established, however, that § 10
> of the Arbitration Act does not constitute a grant of subject matter
> jurisdiction.

*Ford v. Hamilton Invs., Inc.*, 29 F.3d 255, 257 (6th Cir. 1994); *see also Garrett v. Merrill Lynch,*

*Pierce, Fenner & Smith, Inc.*, 7 F.3d 882, 884 (9th Cir. 1993) (explaining that "several Ninth Circuit

decisions hold that § 9 of the [FAA], which permits confirmation of an arbitration award upon a

petition 'to the United States court in and for the district within which such award was made,' . . .

does not create subject-matter jurisdiction . . . .  We see no reason to treat petitions 'to the United

States court' under § 10 any differently." (citations omitted)).

Still other courts have reached the same result with respect to the language in Section 7 that

Petitioners here rely on.  As the Eleventh Circuit aptly summarized:

> Federal courts and state courts have concurrent jurisdiction to enforce
> the FAA . . . As courts have long held, however, the FAA does not
> confer subject matter jurisdiction on federal courts.  Instead, federal

courts must have an independent jurisdictional basis to entertain cases arising under the FAA . . . .

In particular, the [Supreme] Court has ruled that FAA sections 3 and 4 do not confer subject matter jurisdiction on federal courts.

Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue. Section 3 likewise limits the federal courts to the extent that a federal court cannot stay a suit pending before it unless there is such a suit in existence.

*Federal courts consistently have applied the [Supreme Court's] analysis of sections 3 and 4 to other provisions of the FAA, as well. Thus, even though several sections of the FAA authorize particular actions by the United States district court, see 9 U.S.C. §§ 7, 9-11, "courts have not construed these references to the United States district court as intending to confer federal court jurisdiction, but rather as specifying the powers possessed by the court in a case that is properly before it."* Drexel Burnham Lambert, Inc. v. Valenzuela Bock, 696 F. Supp. 957, 961 (S.D.N.Y.1988) (citing 9 U.S.C. §§ 7,9-11); *see also* Giangrande v. Shearson Lehman/E.F. Hutton, 803 F. Supp. 464, 470 (D. Mass.1992) (reviewing cases and concluding that sections 7, 9, 10, and 11 "have not been understood to confer jurisdiction on federal courts").

*Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469-70 (11th Cir. 1997) (citations and footnotes omitted) (emphasis added).

Similarly, in *In re: Application of Calyon for an Order Quashing Subpoenas Issued by Francois Pages in Financial Industry Regulation Arbitration*, No. M8-85, 2009 U.S. Dist. LEXIS 43459 (S.D.N.Y. Apr. 9, 2009), the petitioner brought a motion to quash an arbitration subpoena. After finding no diversity or federal question jurisdiction arising out of the underlying arbitration, the court denied the motion for lack of subject matter jurisdiction. The court ruled,

Both the Supreme Court and the Court of Appeals for this Circuit have held that Section 7 of the FAA, the statute under which

7

> [petitioner] brings the instant motion, does not, without more, confer
> subject matter jurisdiction on the federal courts . . . Indeed, the Court
> of Appeals has been explicit that in circumstances such as these,
> "parties invoking Section 7 must establish a basis for subject matter
> jurisdiction independent of the FAA."

*Id*. at *2 (citing *Stolt-Nielsen SA v. Celanese AG*, 430 F.3d 567, 572 (2d Cir. 2005))[2]; *see also*

*Amgen, Inc. v. Kidney Center of Delaware Cnty., Ltd.*, 95 F.3d 562, 567 (7th Cir. 1996) (finding that

the Supreme Court's "interpretation of the FAA establishes that the statute itself does not create

subject matter jurisdiction for independent proceedings, whether they involve § 4 or § 7.  When a

party to an arbitration initiates an independent proceeding, it must establish that the dispute that

underlies the arbitration would come within the jurisdiction of the district court." (citation omitted)).

The *Ferry Holding* case that Petitioners rely on – finding jurisdiction pursuant to Section 7

because the arbitrators were sitting within the Eastern District of Missouri – ignores the precedent

in this area.  Instead, the court relies principally on a patent infringement case, *Hunter Engineering

Co. v. Hennessy Industries, Inc.*, No. 08-465, 2009 U.S. Dist. LEXIS 105497 (E.D. Mo. 2009), in

which the court simply held that Section 7 of the FAA provides that the plaintiff must file its motion

---

[2] In *Stolt-Nielsen*, the Second Circuit ruled:

> This Court has not previously considered whether Section 7 requires
> an independent basis for subject matter jurisdiction.  Section 7 does
> explicitly permit an aggrieved party to bring a petition before a
> district court to enforce an arbitration subpoena.  *See* 9 U.S.C. § 7.
> But so do other provisions of the FAA that we have already
> determined require an independent basis of subject matter jurisdiction
> . . .  There is no reason to reach a different conclusion for a party
> invoking Section 7 . . . .  Therefore, parties invoking Section 7 must
> establish a basis for subject matter jurisdiction independent of the
> FAA.

430 F.3d at 572 (citations omitted)

8

to enforce an arbitration-issued subpoena in the district where the arbitrator is sitting.  As the underlying arbitration involved a federal question – patent infringement – there was no dispute regarding whether the court had subject matter jurisdiction.

In sum, the Court rejects Petitioners' contention that "the plain language of 9 U.S.C. § 7 grants subject matter in this court to compel non-party Botsford to comply with the subpoena issued by the AAA sitting within this Eastern District of Michigan." (Resp. at 3.)  Petitioners have also failed to established that the dispute they are arbitrating against Mayes and Porter otherwise comes within the jurisdiction of this court.  The Petition that initiated this independent proceeding does not contain any jurisdictional allegations, nor does the record reveal whether the arbitration conflict raises a federal question.  While Petitioners neglect to address the issue in their briefing, Botsford contends that all of the parties to the arbitration are Michigan citizens such that this conflict would not fall within the court's diversity jurisdiction.  (Dkt. 9, Reply at 3.)  Accordingly, the Petition should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

Because this Court finds that it has no subject matter jurisdiction over the Petition, it will not address Botsford's other challenges to the Subpoena.

## III.   CONCLUSION AND RECOMMENDATION

For all of the reasons set forth above, this Court RECOMMENDS that Respondent's Motion to Dismiss (Dkt. 4) be GRANTED and the Petition to Enforce Compliance With Arbitration Subpoena (Dkt. 1) be DISMISSED for want of subject matter jurisdiction.

## IV.   FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of

Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise  response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

S/Laurie J. Michelson
Laurie J. Michelson
United States Magistrate Judge

Dated: November 13, 2012

## PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon the parties and/or counsel of record via the Court's ECF System and/or U. S. Mail on November 13, 2012.

s/Jane Johnson
Case Manager to
Magistrate Judge Laurie J. Michelson